Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment rendered in favor of the appellees in an action of ejectment, brought against them in the circuit court by the appellants.
On the trial in that court, the appellants attempted to derive title to land in contest, as heirs at law to Joseph Lindsay, deceased, but for the purpose of shewing the heirs had no title, and that the appellees, claiming under Ann M’Ginty, formerly Ann Lindsay, widow of the said Joseph, were invested with the title, they introduced as evidence a copy of the will of said Joseph, taken from the record of the county court of Lincoln, together with the certificates of probate thereto annexed.
The admission of the copy was opposed by the appellants, on the ground of the will not being regularly proven, but the objection was overruled and the copy used in evidence.
After the evidence was all gone through, it was agreed by the parties, that if the jury should be of opinion that the will of Joseph Lindsay was duly executed, they should find a verdict for the appellees, subject, however, to the opinion of the court on the legal import of the will, and if the court should be of opinion that Ann Lindsay was entitled to but a life estate under the will, judgment should be entered for the appellants, but if the court should be of opinion she was entitled to an estate of inheritance, judgment should be entered for the appellees.
A verdict was accordingly found for the appellees, and the court being of opinion the will gave to Ann Lindsay an estate in fee, rendered judgment upon the verdict in favor of the appellees.
In deciding this contest, two questions are presented—1. Did the court err in admitting the will in evidence?— And, if not, 2. What is the nature of the estate devised therein to Ann Lindsay?
The following are the certificates of probate annexed to the transcript of the will, made out by the clerk of the Lincoln county court.
“At a court holden for Lincoln county, the 21st of January, 1783, this instrument of writing was exhibited in court as the last will and testament of Joseph Lindsay, deceased *230 and proved by the path of John Ray, the only surviving witness, and ordered to be recorded.—Teste, WILLIAM MAY, c. c.”
A jurisdiction to grant probate of a will having once attached, will not be defeated by a subsequent division of the county.
The statute of wills requires two subscribing witnesses, unless wholly written by the testator, but may be admitted to record on the oath of one witness, who will be presumed to have testified to every fact necessary to legalize the record.
At a county court held for Lincoln county, on Monday, the 10th day of April, 1815, the last will and testament of Joseph Lindsay, deceased, which was heretofore proven by John Ray, one of the subscribing witnesses, was this day again exhibited in court, and John M’Kee and James M’Cullough and Samuel Dennis were sworn, who declared on oath, that they believe the will to be entirely in the hand writing of the said Joseph, deceased, and it was also proven to the court that John Kennedy, the other subscribing witness to the said will, was killed at the battle of the Blue Licks; whereupon it was ordered that the said will be admitted to record, &c.—Test, Thos. Helm, c. l. c.c.
It was admitted that at the time of the testator’s decease, he resided in the county of Lincoln; but it is contended the probate taken in 1783, as it was upon the oath of but one witness, is insufficient to prove the will, and as the testator resided in that part of Lincoln which was thereafter taken into the county of Mercer, the court of Lincoln had no authority in 1815, to receive farther proof of the execution of the will.
Considered in relation to either probate, we have no doubt the will was properly admitted as evidence. Upon the death of the testator, the jurisdiction of the Lincoln court attached, and being possessed of competent authority to take probate of the will, the circumstance of the place of residence being thereafter taken into the county of Mercer, cannot have either prevented the exercise of it, or translated an authority in the court of Mercer to take the probate. But if it could, yet as by the certificate of probate taken before the formation of Mercer, the will appears to have been admitted to record, although upon the oath of one witness, it was clearly proper evidence.
The statute of wills in relation to the devising of lands, it is true, requires the will to be in writing, signed by the testator or testatrix, or by some other person in his or her presence and by his or her directions, and if not wholly written by him or herself,, attested by two or more competent witnesses, subscribing their names in his or her presence. This statute, as to the making and attestation of the will, is substantially the same as that of England, except by the latter three witnesses are required, whereas by *231 the former but two are required: And it has been invariably held by the courts of that country, that one witness is sufficient to prove the will. The will must be proven to have been executed according to the requisitions of the statute, but as by the certificate of probate, the will of Lindsay is shewn to have been proven and admitted to record upon the oath of one of the subscribing witnesses, he must be presumed to have sworn to every essential fact to its due execution.
In question of the construction of a will, if the testator evidences an expectation that the devisee is to receive a title from government in his own name, a fee passes without words of inheritance.
The will of Lindsay, therefore, having been properly admitted in evidence, the question occurs as to the nature of the estate given to Ann Lindsay by the will.
The provision in relation to the land in contest is as follows:—“I give to my loving wife, Ann Lindsay, one thousand acres of land, lying in the fork of Elkhorn, obtained by certificate from the commissioners of the district of Kentucky, granted to Fulton Lindsay, and conveyed to me by bill of sale from said Lindsay, bearing date the 12th April, 1781. The said Ann is to pay Fulton Lindsay, junr. at the time he arrives at the age of twenty-one, two hundred pounds, provided she obtains a legal title for the same, also to payoff the heir of William Pogue, deceased.”
It is contended on the part of the appellants, that as the devise to Ann Lindsay is in general terms to her, without containing any words descriptive of the nature of the estate intended to be devised, it should be construed to pass an estate for life and not of inheritance.
As Lindsay, the testator, died before the passage of the act of the Virginia legislature, dispensing with words otherwise necessary in a deed or will to transfer an estate of inheritance, the legal import of the devise must be deduced upon common law principles, applicable to the construction of wills before the passage of the act. Testing the decree by those principles, there can, however, be little doubt but Ann Lindsay acquired an estate of inheritance and not barely an estate for life.
It is apparent from the devise, that no grant had been obtained for the land from the commonwealth when the will was made, and that it was intended by the testator to authorise a perfection of the title in the name of the devisee. It could not, therefore, have been deemed material by him in the devise to Ann to describe specifically the nature of the estate intended to be given, for as by obtaining a grant from the commonwealth, she would be invested *232 with an estate in fee, he must have supposed that his intention to dispose of such an interest would be sufficiently clear by providing for her procurement of the title. As a question of intention, therefore, depending upon a construction of the will, we would have no hesitation in deciding that an estate of inheritance passed to Ann.
Where a devise imposes personal charge on the devisee, a fee passes without words of inheritance.
Haggin for appellant, Pope for appellee.
But admitting, if no provision had been made requiring the devisee to pay Fulton Lindsay l.200, &c. the devise might have been differently construed, yet as that provision clearly imposes a personal charge and not a charge upon the estate devised, devisee must be held to have taken an estate in fee; for it is well settled that a devise which would otherwise pass but a life estate, by creating a personal charge upon the devisee, passes an estate of inheritance.
The judgment of the circuit court must, therefore, be affirmed with cost.